# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES M. YOUNG, SR. and<br>SANDRA E. YOUNG,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>SCOTT TOWNSHIP, *et al.*,<br><br>　　　　Defendants. | No. 4:18-CV-00403<br><br>(Judge Brann) |

## ORDER

**FEBRUARY 13, 2020**

**BACKGROUND:**

On November 20, 2019, this Court denied a Motion to Amend Complaint made by Plaintiffs James and Sandra Young.[1] The Youngs then made a Motion for Reconsideration of my denial order.[2] A district court has discretion to grant such motions only where (1) there has been "an intervening change in controlling law"; (2) the court has been made aware of "the availability of new evidence"; or (3) there exists "the need to correct clear error of law or prevent manifest injustice."[3] In keeping with this strict standard, a plaintiff cannot use a motion for

---

[1] ECF No. 67.

[2] ECF No. 68.

[3] *Wiest v. Lynch*, 710 F.3d 121, 128 (3d Cir. 2013)

reconsideration to "relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment."[4]

Here, the Youngs ask the Court to reconsider its denial order based on an expert report from a retired police officer, Cliff Jobe.[5] The Youngs argue that this expert report constitutes "new evidence," thereby satisfying the second pathway for reconsideration.[6] The Court disagrees.

The Youngs filed their Motion for Reconsideration on December 4, 2019.[7] Jobe completed his report on December 9, 2019. One colleague in this District has held that an expert report received after the filing of a motion of reconsideration cannot "possibly be a basis for the motion."[8] The Youngs necessarily received Jobe's report after filing their Motion. It then could not have been a basis for their Motion. This provides one basis for denial: Jobe's report was not "new evidence" because the Youngs did not have Jobe's report when they filed their Motion.

Alternatively, "new evidence means evidence that a party could not earlier submit to the court because that evidence was not previously available."[9] Put

---

[4] *Dunkley v. Mellon Investor Servs.*, 378 Fed. App'x. 169, 172 (3d Cir. 2010).

[5] ECF No. 71-1.

[6] *See* ECF No. 71 at 2. The Youngs do not argue that there has been an "intervening change in controlling law" to justify reconsideration or that there exists "the need to correct clear error of law or prevent manifest injustice." *See* ECF No. 71.

[7] ECF No. 68.

[8] *Winslow v. Prison Health Servs., Inc.*, No. CIV. 1:08-0785, 2010 WL 187223, at *2 (M.D. Pa. Jan. 13, 2010).

[9] *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011).

another way, a party cannot use a motion for reconsideration "to raise new arguments or evidence that could have proffered prior to the issuance of the order in question."[10]  Here, the Court issued the Order in question on November 20, 2019.[11]  In creating his report, Jobe relied on document discovery and deposition testimony.[12]  Given the discovery schedules in this case,[13] and Defendants' representations—which the Youngs, who did not submit a reply brief, did not challenge—about the timing of discovery disclosures, responses, and depositions,[14] it seems clear to the Court that the Youngs could have submitted this underlying evidence, and resulting arguments such as Jobe's report, before the Court entered its Order.  This provides a second, independent basis for denial: Jobe's report was not "new evidence" because the Youngs could have submitted it before the Court entered the Order that the Youngs are now contesting.

**THEREFORE**, **IT IS HEREBY ORDERED** that Plaintiffs' Motion for Reconsideration, December 4, 2019, ECF No. 68, is **DENIED**.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[10]  *Qazizadeh v. Pinnacle Health Sys.*, 214 F. Supp. 3d 292, 295-96 (M.D. Pa. 2016).

[11]  ECF No. 67.

[12]  ECF No. 71-1 at 4-7.

[13]  *See* ECF Nos. 56, 59, 66.

[14]  *See* ECF No. 74 n.2.